UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>                     Plaintiff,<br><br>         v.<br><br>JOSEPH GLAZER, et al.,<br><br>                     Defendants. | Case No. 21-cv-00500-HSG<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS** |

Through her Amended Complaint filed as of right in June 2021, pro se Plaintiff brings multiple claims related to her employment disputes with the Department of Veterans Affairs. *See generally* Dkt. No. 52. Although Plaintiff's application to proceed in forma pauperis was previously granted, *see* Dkt. No. 4, the sufficiency of the complaint for the purpose of 28 U.S.C. § 1915(e)(2)(b) and service of process has not yet been assessed. After reviewing the Amended Complaint, the Court concludes that all of Plaintiff's claims are barred by res judicata and **DISMISSES** each cause of action **WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2).

**I.  BACKGROUND**

  **A.  Allegations**

When Plaintiff began working as an EKG technician at the Raymond G. Murphy Veterans Affairs Medical Center in New Mexico (the "New Mexico VAMC") in April 2017, she notified her manager, Defendant Carla Dunkelberger, that she planned to request time off to pursue fertility treatment in Russia. Dkt. No. 52 ¶¶ 25-27.[1] Defendant Dunkelberger advised Plaintiff that she

---

[1] Because a plaintiff's factual allegations are generally taken as true when evaluating the sufficiency of a complaint, facts detailed here are taken from the Amended Complaint and

was not eligible for leave under the Family and Medical Leave Act because she had not worked at the New Mexico VAMC for at least twelve months, and that Plaintiff would need to submit professionally translated medical documentation in order to request time off. *Id.* ¶ 28.

In May 2017, Plaintiff told Defendant Dunkelberger that she needed to return to Russia to receive IVF treatment and to refill prescriptions not available in the United States. *See id.* ¶¶ 29–30. Defendant Dunkelberger told Plaintiff that she was not able to approve Plaintiff's requested leave and that she would not be paid if she was not working. *See id.* ¶ 31-33. Plaintiff also approached her unit's assistant manager, Defendant Phil Johnson, who also said he could not approve the requested leave. *See id.* ¶¶ 35-38. Defendant Johnson gave Plaintiff a form to complete and slip under a manager's door, which Plaintiff did. *See id.* ¶¶ 35-36. Defendant Johnson also told Plaintiff, "If you need to go – go!" *Id.* ¶ 36. Believing she had verbal permission, Plaintiff left for Russia on May 18, 2017. *Id.* ¶ 38.

On July 3, 2017, Plaintiff received an email from Dunkelberger stating that her employment had been terminated on June 30, 2017 due to "attendance issues." *Id.* ¶ 41. The New Mexico VAMC had sent a warning letter to Plaintiff's home in New Mexico, but Plaintiff did not receive it because she was in Russia at the time. *See id.* ¶ 43. At a videoconference mediation held in September 2017, Defendant Dunkelberger refused Plaintiff's request to reinstate her. *Id.* ¶ 43. Instead, Defendant Dunkelberger hired a "young male employee" to fill the position. *Id.* ¶ 62. After the unsuccessful mediation, Plaintiff filed an EEO complaint, which resulted in an investigative report but no determination. *Id.* ¶¶ 44, 47.

Plaintiff contends that not only was she unjustly fired, but that other employees were treated more favorably. *See id.* ¶¶ 88-89. Plaintiff reports that an employee named Melanie was allowed to work a limited schedule while pursuing a nursing degree and that Defendants Dunkelberger and Johnson lied in their interrogatory responses when they denied knowledge of any "Melanie." *See id.* ¶¶ 88, 90.

Plaintiff later filed a claim for unemployment insurance in California. *See id.* ¶ 45. Her

---

presumed to be true. *See, e.g., Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

claim was denied after the New Mexico VAMC told the California Employment Development Division that Plaintiff had been fired for cause. *See id.* Without unemployment benefits, Plaintiff subsisted on general assistance benefits that required her to work alongside convicted felons. *Id.* ¶ 46.

In 2018, Plaintiff received a full-time job offer at the Minneapolis VAMC. *Id.* ¶ 93. However, her offer was rescinded during the pre-employment screening process when a hiring official there, Defendant Joseph Glazer, learned that she had been fired from the New Mexico VAMC. *See id.* ¶ 93.

Plaintiff has also been unable to obtain other jobs after disclosing that she was fired in New Mexico. *Id.* ¶ 95. She interviewed at the West LA VAMC in 2018, but after she disclosed that she had been fired by the New Mexico VAMC, she was not awarded the position. *Id.* Unable to find work, Plaintiff was evicted from her home in Daly City and has since worked as a low-paid, live-in caregiver for elderly people, which she characterizes as "Slavery and Involuntary Servitude." *See id.* ¶¶ 95-96, 98.

Plaintiff asserts the following claims: (1) violation of the FMLA, against the Department of Veterans Affairs, Dunkelberger, and Johnson, *id.* ¶¶ 136–38; (2) fraud under the Federal Tort Claims Act ("FTCA") and New Mexico law, against Dunkelberger, Johnson, and the United States, *id.* ¶ 139; (3) libel under New Mexico law, against Dunkelberger and Johnson, *id.* ¶ 140; (4) harassment under the FTCA and as defined as a misdemeanor under New Mexico law, against Dunkelberger, Johnson, and the United States, *id.* ¶ 141; (5) outrage and intentional infliction of emotional distress under the FTCA, against Dunkelberger, Johnson, and the United States, *id.* ¶ 142; (6) professional negligence under Minnesota law, against Glazer, *id.* ¶ 144; (7) intentional infliction of emotional distress under Minnesota law, against Glazer, the Minneapolis VAMC, the Department of Veterans Affairs, and the United States, *id.* ¶ 146; (8) "bias offense" under Minnesota law, against Glazer and "Mr. Denis" (presumably Secretary of Veterans Affairs Denis McDonough), *id.* ¶ 147; (9) pregnancy discrimination in violation of Title VII and the laws of New Mexico, California, and Minnesota against McDonough, *id.* ¶ 148; (10) sex and gender discrimination in violation of Title VII and the laws of New Mexico, California, and Minnesota

against McDonough, *id.* ¶ 149; (11) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the laws of New Mexico and Minnesota, against McDonough, *id.* ¶ 150; (12) disability discrimination and failure to provide a reasonable accommodation in violation of the Rehabilitation Act and the laws of New Mexico, California, and Minnesota, against McDonough, *id.* ¶ 151; (13) retaliation for EEO activity in violation of Title VII, the ADEA, the Rehabilitation Act, and the laws of New Mexico, California, and Minnesota, against McDonough, *id.* ¶ 152; and (14) constitutional violations as a *Bivens* claim against Glazer, Dunkelberger, and Johnson, *id.* ¶ 153.

### B. Previous Cases

Plaintiff has filed a multitude of lawsuits in this district, many of which stem from Plaintiff's employment claims against the Department of Veterans Affairs.

#### i. *Drevaleva v. Dep't of Veterans Affairs, et al.*, No. 4:18-cv-03748-HSG

In her first-filed case, Plaintiff asserted claims for gender and pregnancy discrimination, disability discrimination and failure to accommodate, age discrimination, retaliation, defamation, intentional infliction of emotional distress, and due process violations, all arising from her firing at the New Mexico VAMC. *Drevaleva v. U.S. Dep't of Veterans Affs., et al.*, No. C 18-03748-WHA, 2018 WL 6305612, at *2–4 (N.D. Cal. Dec. 3, 2018). She named as defendants the Department of Veterans Affairs and Peter O'Rourke, then-Acting Secretary of Veterans Affairs. The court granted defendants' motion to dismiss because Plaintiff had not sufficiently alleged discrimination or retaliation, and her constitutional and state law claims were preempted by the applicable federal antidiscrimination statutes. *Id.* Plaintiff was then denied leave to amend because her proposed amended complaint failed to cure the defects. *Drevaleva v. U.S. Dep't of Veterans Affs., et al.*, No. C 18-03748 WHA, 2019 WL 3037549, at *3–5 (N.D. Cal. July 11, 2019).

On appeal, the Ninth Circuit held that the district court properly dismissed Plaintiff's Americans with Disabilities Act ("ADA") claim "because the federal government is excluded from the coverage of the ADA"; her ADEA claim because she "failed to allege facts sufficient to show that [she] was discriminated against on the basis of her age"; and her "constitutional and

4

state law claims because federal employees are limited to using federal employment laws to redress employment discrimination." *Drevaleva v. Dep't of Veterans Affs.*, 835 F. App'x 221, 223 (9th Cir. 2020). But the Ninth Circuit reversed the dismissal of Plaintiff's Title VII and Rehabilitation Act claims, holding that her allegations of disability and sex discrimination were sufficient to proceed. *Id.* at 223–24.

On remand, the case was reassigned to this Court, which granted an unopposed motion to transfer the case to the District of New Mexico. After Plaintiff failed to comply with orders barring further filings and ex parte communications with chambers, that court dismissed the case with prejudice as a sanction under the court's inherent authority, and entered judgment in favor of the defendants. *Drevaleva v. U.S. Dep't of Veterans Affs., et al.*, No. 21-cv-761 WJ-JFR, 2021 WL 5083989 (D.N.M. Nov. 2, 2021); *see also Drevaleva v. U.S. Dep't of Veterans Affs., et al.*, No. 21-cv-761 WJ-JFR, 2021 WL 5416154 (D.N.M. Nov. 19, 2021) (denying reconsideration). Plaintiff's appeal to the Tenth Circuit is pending. *See Drevaleva v. United States Dep't of Veterans Affairs, et al.*, No. 21-2139.

### ii. *Drevaleva v. United States, et al.*, No. 4:19-cv-01454-HSG

In the second of this series of cases, Plaintiff sued the United States, the Department of Veterans Affairs, the ORM, and then-Acting Secretary O'Rourke over the Minneapolis VAMC's decision not to hire her. Defendants' motion to dismiss was granted with prejudice because the court held that the Merit Systems Protection Board ("MSPB") was Plaintiff's sole avenue for relief under the Civil Service Reform Act of 1978 ("CSRA") for the decision not to hire her in Minneapolis. *Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 4574524 (N.D. Cal. Sept. 20, 2019); *see also Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 5788576 (N.D. Cal. Nov. 6, 2019) (denying a motion to vacate judgment). The Ninth Circuit affirmed. *Drevaleva v. United States*, 829 F. App'x 787 (9th Cir. 2020).

### iii. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 4:19-cv-02665-HSG

In "the third of separate lawsuits arising from the same pattern of facts," Plaintiff named the Department of Veterans Affairs and then-Secretary Robert Wilkie as defendants to claims of intentional infliction of emotional distress and discrimination based on sex, pregnancy, age, and

1  disability, this time based on the West LA VAMC's decision not to hire Plaintiff. *Drevaleva v.*
2  *Wilkie*, No. C 19-02665 WHA, 2019 WL 5811435, at *1 (N.D. Cal. Nov. 7, 2019). Granting a
3  motion to dismiss with prejudice, the court held that Plaintiff had not plausibly alleged any of her
4  claims, that her intentional infliction of emotional distress claim failed because Title VII was her
5  only recourse on the facts asserted, and that the Department of Veterans Affairs was an improper
6  defendant. *Id.* at *3–4. The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v.*
7  *Dep't of Veterans Affs., et al.*, No. 20-15109, 2020 WL 8300142 (9th Cir. Nov. 16, 2020).

### iv.   *Drevaleva v. Dep't of Veterans Affairs*, No. 4:19-cv-05927-HSG

In December 2018, Plaintiff filed a complaint with the MSPB. *Drevaleva v. Wilkie*, No. C 19-5927 WHA, 2019 WL 6911632, at *1 (N.D. Cal. Dec. 19, 2019). After the MSPB determined that it lacked jurisdiction because Plaintiff was a probationary employee at the New Mexico VAMC, Plaintiff appealed to the Federal Circuit, which transferred the case to this district. *Id.* The court dismissed the case, holding that Plaintiff's claims were precluded by the judgment entered in her first case, which had not yet been reversed in part by the Ninth Circuit. *Id.* at *2; *see also Drevaleva v. Wilkie*, No. C 19-05927 WHA, 2020 WL 999671 (N.D. Cal. Mar. 2, 2020) (denying relief from judgment). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v. Dep't of Veterans Affs.*, No. 20-15374, 2020 WL 8770483 (9th Cir. Nov. 16, 2020).

### v.   *Drevaleva v. United States, et al.*, No. 4:20-cv-00820-HSG

In early 2020, Plaintiff sued the United States, the Department of Veterans Affairs, and, for the first time, Dunkelberger and Johnson. She asserted claims for violation of the FMLA, fraud, libel, harassment, and outrage and intentional infliction of emotional distress, based on her firing in New Mexico and failure to obtain jobs at the VAMCs in Minnesota and Los Angeles. Compl., *Drevaleva v. United States*, No. 20-cv-00820, ECF Dkt. No. 1 (N.D. Cal. Feb. 3, 2020).

The court concluded that, as yet another "repetitive suit[] stem[ming] from the same events," the complaint was "frivolous as duplicative" and constituted an abuse of Plaintiff's in-forma-pauperis status:

> Ms. Drevaleva is entitled to her day in court—she is not entitled to overwhelm the Secretary of Veterans affairs, and indeed impact other litigants' access to the limited resources of the courts, by filing a

> multitude of suits at public expense. The public will not be made to fund another front in Ms. Drevaleva's apparently endless campaign against the Secretary and Department of Veterans Affairs.

*Drevaleva v. United States*, No. 20-cv-00820, ECF Dkt. No. 10 (N.D. Cal. Mar. 4, 2020). The court therefore denied Plaintiff's application to proceed in forma pauperis and dismissed her complaint with prejudice. *Id.* The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v. United States*, No. 20-15596, ECF Dkt. No. 20 (9th Cir. Nov. 16, 2020).

### vi. *Drevaleva v. Alsup, et al.*, No. 3:21-cv-05348-CRB

On July 12, 2021, Plaintiff sued Judge Alsup and the U.S. District Court for the Northern District of California based on allegations related to the handling of her case in *Drevaleva v. Dep't of Veterans Affairs, et al.*, Case No. 18-cv-03748. She asserted claims for deprivation of her purported constitutional right to be a parent, denial of due process, cruel and unusual punishment, slavery and involuntary servitude, defamation, deprivation of unspecified civil rights in violation of § 1983, conspiracy in violation of § 1985, and discrimination based on national origin, as well as unspecified state law claims. Plaintiff's claims were dismissed with prejudice under § 1915 for failure to state a claim, based on judicial immunity. *Drevaleva v. Alsup*, No. 21-cv-05348-LB, 2021 WL 3777122 (N.D. Cal. Aug. 9, 2021); *Drevaleva v. Alsup*, No. 21-cv-05348-CRB, 2021 WL 3773628 (N.D. Cal. Aug. 24, 2021). Plaintiff's appeal to the Ninth Circuit is pending, but her in forma pauperis status on appeal was revoked after the district court determined her appeal was frivolous. *See Drevaleva v. Alsup*, No. 21-cv-05348-CRB, ECF Dkt. No. 24 (N.D. Cal. Jan. 4, 2022).

## II. ANALYSIS

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing

7

that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and to "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)).

**B.  Res Judicata**

Under the doctrine of res judicata, also known as claim preclusion, a party cannot relitigate a claim that was previously decided. The Ninth Circuit has described the scope of that doctrine as follows:

> Res judicata applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002).
>
> Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Chao v. A-One Med. Servs.*,

8

> *Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).
>
> We use a transaction test to determine whether the two suits share a common nucleus of operative fact. *Int'l Union v. Karr*, 994 F.2d 1426, 1429–30 (9th Cir. 1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)). . . .
>
> . . . We have often held the common nucleus criterion to be outcome determinative under the first res judicata element. *E.g., Int'l Union,* 994 F.2d at 1429–30 (holding criterion to be outcome determinative and listing cases using the same nucleus of operative fact as the exclusive factor to bar a second claim under res judicata).

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987–88 (9th Cir. 2005) (first ellipsis in original).

In *Mpoyo*, the Ninth Circuit applied res judicata to bar subsequent claims arising from events leading to an employee's termination, holding that precluding the later claims was appropriate because the employee's "Title VII, FLSA and FMLA claims form a convenient trial unit that discloses a cohesive narrative of an employee-employer relationship and a controversial termination." *Id.* at 987.

"'[I]n federal courts, a district court judgment is 'final' for purposes of res judicata.' This is so even during the pendency of an appeal." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (citations omitted).

### C. Claims against the United States, the Department of Veterans Affairs, the Minneapolis VAMC, and Secretary McDonough Regarding Termination and Failure to Hire

Many of Plaintiff's claims against the United States, the Department of Veterans Affairs and its various subdivisions including the Minneapolis VAMC[2], and Secretary McDonough are duplicative of claims she has previously asserted.

To the extent Plaintiff's current claims are based on her firing in New Mexico, they are duplicative of claims she asserted in *Drevaleva v. Dep't of Veterans Affairs, et al.*, Case No. 18-cv-03748, which was dismissed with prejudice by the District of New Mexico. While that

---

[2] To the extent the Minneapolis VAMC was not specifically named in Plaintiff's previous cases, it is in privity with the Department of Veterans Affairs and the Secretary.

dismissal was a sanction for Plaintiff's misconduct and failure to follow orders, rather than an assessment of the merits, Rule 41 of the Federal Rules of Civil Procedure provides that *any* dismissal—"except one for lack of jurisdiction, improper venue, or failure to join a party," or a dismissal order that specifically states otherwise—"operates as an adjudication on the merits." The District of New Mexico's order dismissing Plaintiff's case with prejudice would be toothless if she could simply pursue the same claims in a new action. And even though some claims here are not cast in precisely the same legal terms as in that first case, the key factor for res judicata, which courts have "often held . . . to be outcome determinative," is whether the claims at issue share a common nucleus of operative fact. *See Mpoyo*, 430 F.3d at 988. All claims against the United States, the Department of Veterans Affairs, and the Secretary of Veterans Affairs arising from Plaintiff's denial of leave and ultimate firing in New Mexico could and should have been brought in her first case, and are precluded by its dismissal with prejudice. Such claims include aspects of Plaintiff's first, fourth, fifth, and ninth through thirteenth causes of action.

To the extent Plaintiff's claims against these Defendants are based on the decision not to hire her in Minneapolis, they are barred by the prior decision dismissing with prejudice *Drevaleva v. United States, et al.*, Case No. 19-cv-01454, for lack of subject matter jurisdiction. A dismissal for lack of jurisdiction does not bar claims in a different court or tribunal where jurisdiction is proper. *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992) ("[A] claim is not barred by res judicata if the forum in which the first action was brought lacked subject matter jurisdiction to adjudicate that claim."). That said, "the principles of *res judicata* apply to the *determination* of subject matter jurisdiction." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1058 (9th Cir. 1991) (citing, *e.g.*, *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 76–77 (1939)) (emphasis added); *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403 (1940) ("[I]n general the principles of res judicata apply to questions of jurisdiction as well as to other matters—whether it be jurisdiction of the subject matter or of the parties."). This Court is bound by the prior determination, affirmed by the Ninth Circuit, that Plaintiff's sole recourse for her failure to obtain a job in Minneapolis was through the MSPB under the CSRA. Even if that decision were not preclusive, it is persuasive, and Plaintiff's claims here for failure to hire her in

Minneapolis would be subject to dismissal for the same reason. Such claims include aspects of Plaintiff's seventh through thirteenth causes of action.

To the extent Plaintiff's claims against these defendants are based on the decision not to hire her in Los Angeles, they are barred by the prior dismissal with prejudice of Plaintiff's claims related to her job application at the West LA VAMC in *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, Case No. 19-cv-02665. In that case, the court found that Plaintiff failed to state a claim, and Plaintiff may not now pursue essentially the same claims—or slightly different legal theories arising from the same decision not to hire her—in this new action. *See Mpoyo*, 430 F.3d at 989 (joining decisions from other circuits "bar[ring] under res judicata the subsequent filing of claims denied leave to amend"). Plaintiff's current claims on the subject include aspects of her ninth, tenth, twelfth, and thirteenth causes of action.

The Court finds that Plaintiff's claims against the United States, the Department of Veterans Affairs, the Minneapolis VAMC, and Secretary McDonough relating to Plaintiff's termination or a refusal to hire Plaintiff are barred by res judicata and **DISMISSES** them **WITH PREJUDICE**.

### D. Claims Against Dunkelberger and Johnson and Claim for Fraud against the United States

Plaintiff's claims against Defendants Dunkelberger and Johnson are based on the same allegations Plaintiff made against them in *Drevaleva v. United States, et al.*, Case No. 20-cv-000820—specifically, the Defendants' handling of her request for leave and subsequent termination, and communications about those events to other Department of Veterans Affairs employees. That case, which also alleged fraud claims against the United States substantially identical to her second cause of action here, was dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Dismissal of claims as frivolous under § 1915 can have res judicata effect as to the frivolousness of future complaints filed in forma pauperis. *Kolocotronis v. Benefis Healthcare*, 360 F. App'x 860, 861 (9th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).[3]

---

[3] As an unpublished Ninth Circuit decision, *Kolocotronis* is not precedent, but may be considered

Moreover, even if not precluded formally by res judicata, Plaintiff's claims are frivolous for the same reasons identified in the previous case: they are an improper attempt to rehash claims Plaintiff has repeatedly and unsuccessfully asserted against the Department of Veterans Affairs and the Secretary of Veterans Affairs.

The Court **DISMISSES WITH PREJUDICE**, under 28 U.S.C. § 1915, Plaintiff's claims against Defendants Dunkelberger and Johnson, which include aspects of Plaintiff's first through fifth and fourteenth causes of action, and her fraud claim against the United States, which is included in Plaintiff's second cause of action.

### E. Claims Against Glazer

Despite not being named as a defendant in any of Plaintiff's previous cases, Defendant Glazer is in privity with the federal defendants in prior cases. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite*, 310 U.S. at 402–03; *see also, e.g.*, *Nelson v. Brown*, No. 11-CV-2202-GPC (WVG), 2014 WL 1096189, at *7–8 (S.D. Cal. Mar. 19, 2014) (relying on *Sunshine Anthracite* to find privity between different employees of the same prison). Defendant Glazer is a federal employee at the Minneapolis VAMC, *see* Dkt. Nos. 37 at 5-6, 52 ¶ 93, and Plaintiff's claims here plainly relate to Defendant Glazer's performance of his official duties.[4]

All of Plaintiff's claims against Defendant Glazer arise from the decision not to hire her in Minneapolis. The current claims share a common nucleus of operative fact with claims previously asserted in *Drevaleva v. United States, et al.*, Case No. 19-cv-01454, even if some legal theories differ. In that case, it was determined that Plaintiff's sole remedy for the decision not to hire her

---

for its persuasive value. See Fed. R. App. P. 32.1; CTA9 Rule 36-3.

[4] Defendants moved to substitute the United States for all other Defendants, including Defendant Glazer, for claims under the FTCA. *See* Dkt. No. 37. Defendants included a certification that Defendant Glazer was acting within the scope of his duties at all times material to Plaintiff's allegations. *See* Dkt. No. 37, Att. 1. Plaintiff then made numerous, frivolous filings seeking to withdraw or otherwise objecting to Defendants' certification. *See, e.g.*, Dkt. Nos. 38, 39, 79. Because Plaintiff's claims are being dismissed on res judicata grounds as a result of the Court's required review of a complaint filed *in forma pauperis*, it is not necessary to decide which party or parties are proper Defendants in this case.

in Minneapolis was through the MSPB under the CSRA.  Because Defendant Glazer is in privity with the previous federal defendants, that judgment precludes Plaintiff's current claims premised on her failure to obtain a job at the Minneapolis VAMC, including the entirety of her sixth cause of action and aspects of her seventh, eighth, and fourteenth causes of action.

The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Glazer.

### III. CONCLUSION

Because Plaintiff's claims are barred by res judicata, the Court **DISMISSES** Plaintiff's Amended Complaint **WITH PREJUDICE**.  All pending motions are **DENIED AS MOOT** in light of the dismissal of the entire case without leave to amend.

**IT IS SO ORDERED.**

Dated:   3/14/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge