UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS RICHARD MCDONOUGH, et al.,<br><br>Defendants. | Case No. 22-cv-00887-HSG<br><br>**ORDER GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 22 |

Pending before the Court is Defendants' motion to declare Plaintiff Tatyana Drevaleva a vexatious litigant. Dkt. No 22. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons below, the Court **GRANTS** the motion

## I.  BACKGROUND

Plaintiff first sued the United States Department of Veterans Affairs in 2018, bringing discrimination claims arising from her termination from the VA New Mexico Healthcare System. She has since filed at least eight cases arising from the same employment disputes, as well as a lawsuit against Judge Alsup for his handling of her cases. All of Plaintiff's cases have been dismissed. Below is a review of Plaintiff's litigation and filings.[1]

### A.  *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, **No. 4:18-cv-03748-HSG**

In her first case, Plaintiff asserted employment discrimination claims arising from her termination at the Raymond G. Murphy Veterans Affairs Medical Center in New Mexico. *See*

---

[1] In addition to the cases described below, Plaintiff filed a case in the Court of Federal Claims, dismissal of which was affirmed on appeal. *See Drevaleva v. United States*, No. 20-cv-00153 (Fed. Cl. Feb. 24, 2020), *aff'd*, No. 20-01671 (Fed. Cir. May 20, 2020).

*Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 18-cv-03748, 2018 WL 6305612 (N.D. Cal. Dec. 3, 2018). She named as defendants the Department of Veterans Affairs and the Secretary of Veterans Affairs. After the case was dismissed, *id.*, the Ninth Circuit affirmed in part, reversed in part, and remanded, *Drevaleva v. Dep't of Veterans Affairs*, 835 F. App'x 221, 223–24 (9th Cir. Nov. 18, 2020).

Pending the Ninth Circuit appeal of the initial dismissal, Plaintiff filed nearly 100 supplemental briefs, letters to the court, or other motions. After the mandate issued, Plaintiff demanded that Judge Alsup recuse himself, which he did. *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 18-cv-03748, Dkt. Nos. 318–19. When the case was reassigned to this Court, Plaintiff filed a motion to reassign to a magistrate judge. *Id.*, Dkt. No. 334. Following reassignment and the denial of several motions, Plaintiff moved to disqualify Judge Spero and appoint a special master, which the Court denied. *Id.*, Dkt. Nos. 369–371, 380. After numerous additional filings, including another motion to disqualify, *id.*, Dkt. No. 442, Judge Spero recused himself, *id.*, Dkt No 450. This Court denied the thirteen pending motions and granted Plaintiff's motion to transfer the case to the District of New Mexico. *Id.*, Dkt. No. 451.

After issuing several warnings, the New Mexico district court dismissed the case with prejudice as a sanction for Plaintiff's failure to comply with orders barring further filings and ex parte communications with the court. *See Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 21-cv-761 WJ-JFR, 2021 WL 5083989 (D.N.M. Nov. 2, 2021). In an order denying several post-judgment motions, the court stated it had "no intention whatsoever of allowing Plaintiff to continue her attempts to commandeer Court personnel and resources with her onslaught of meritless filings" and noted Plaintiff would face filing restrictions if she persisted in "vexatious litigation tactics." *Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-CV-761 WJ-JFR, 2021 WL 5416154, at *3 (D.N.M. Nov. 19, 2021).

A Tenth Circuit panel affirmed the dismissal, noting that Plaintiff's conduct on appeal "bolster[ed] the district court's determination that her misconduct would continue if her case were allowed to proceed." *See Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081, at *6 n.4 (10th Cir. July 11, 2022). The Tenth Circuit revoked Plaintiff's electronic

2

filing privileges because, among other things, Plaintiff filed nineteen motions within two months of initiating her appeal as well as eleven supplements with more than 4,500 pages. *Id.*

### B. *Drevaleva v. United States of America, et al.*, No. 4:19-cv-01454-HSG

In the second case, Plaintiff sued several defendants over the Minneapolis VA's decision not to hire her, alleging the refusal was connected to her termination from the VA New Mexico Healthcare System. The Court dismissed the case with prejudice. *Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 4574524 (N.D. Cal. Sept. 20, 2019); *see also Drevaleva v. United States*, No. 19-01454 WHA, 2019 WL 5788576 (N.D. Cal. Nov. 6, 2019) (denying motion to vacate judgment). The Ninth Circuit affirmed. *Drevaleva v. United States*, 829 F. App'x 787 (9th Cir. Nov. 18, 2020). Plaintiff filed numerous motions and supplemental briefs while her appeal was pending and after the mandate issued. This Court denied the motions, reiterating that the case was closed and no additional motions would be entertained. *See Drevaleva v. United States of America*, No. 19-cv-01454, Dkt. No. 82. Plaintiff appealed and this Court revoked her *in forma pauperis* status. *Id.*, Dkt. No. 86. The Ninth Circuit dismissed the appeal as frivolous. *See Drevaleva v. United States*, No. 21-15656, Dkt. No. 10 (9th Cir. Aug. 16, 2021).

### C. *Drevaleva v. U.S. Dep't of Veterans Affairs, et al.*, No. 4:19-cv-02665-HSG

Plaintiff then filed "the third of separate lawsuits arising from the same pattern of facts," this time based on the West LA VA's decision not to hire her. *Drevaleva v. Wilkie*, No. 19-cv-02665, 2019 WL 5811435, at *1 (N.D. Cal. Nov. 7, 2019). The Court dismissed the case with prejudice. *Id.* at *3–4. Again, after dismissal, Plaintiff filed numerous motions, including an objection to the judge's "illiteracy" and "pure fantasy" in finding no good cause to allow her to file a supplemental brief. *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 19-cv-02665, Dkt. No. 55 at 2–3. Plaintiff appealed the Court's denial of her motion to vacate, and the District Court revoked her *in forma pauperis* status. *Id.*, Dkt. No. 72. The Ninth Circuit dismissed the appeal as frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 20-15109, 2020 WL 8300142 (9th Cir. Nov. 16, 2020). Plaintiff filed several motions. This Court denied all pending motions and emphasized the case was closed. *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 19-cv-02665, Dkt. No. 94. Plaintiff appealed, and the Ninth Circuit once again dismissed the appeal as

3

1  frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 21-15658, Dkt. No. 12 (9th Cir. Aug. 16,
2  2021).

### D. *Drevaleva v. Dep't of Veterans Affairs*, No. 4:19-cv-05927-HSG

In December 2018, Plaintiff filed a complaint with the Merit Systems Protection Board. *See Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 19-1912, Dkt. No. 17 (Fed. Cir. Sept. 11, 2019). After the Board determined that it lacked jurisdiction, Plaintiff appealed to the Federal Circuit, which transferred the case to this district. *Id.* The Court dismissed the case, holding that Plaintiff's claims were barred by res judicata. *Drevaleva v. Wilkie*, No. 19-cv-05927, 2019 WL 6911632 (N.D. Cal. Dec. 19, 2019); *see also Drevaleva v. Wilkie*, 2020 WL 999671 (N.D. Cal. Mar. 2, 2020) (denying relief from judgment). The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 20-15374, 2020 WL 8770483 (9th Cir. Nov. 16, 2020).

After this Court reemphasized that the case was closed and no filings would be accepted, *Drevaleva v. Dep't of Veterans Affairs*, No. 19-cv-05927, Dkt. No. 67, Plaintiff filed a motion seeking to file another motion to vacate the judgment, *id.*, Dkt. No. 68. This Court revoked Plaintiff's electronic filing privileges in response, describing Plaintiff's conduct and noting that her "refusal to accept the finality of rulings by this Court and by the Ninth Circuit is part of a well-established pattern across several of her lawsuits." *Id.*, Dkt. No. 69. Plaintiff appealed, and the Court denied her motion to proceed *in forma pauperis* status on appeal. *Id.*, Dkt. No. 72. The Ninth Circuit dismissed the appeal as frivolous. *Drevaleva v. Dep't of Veterans Affairs*, No. 21-15692, Dkt. No. 10 (9th Cir. May 5, 2021).

### E. *Drevaleva v. United States, et al.*, No. 4:20-cv-00820-HSG

In Plaintiff's fifth case, the Court concluded that, as yet another "repetitive suit[] stem[ming] from the same events," the complaint was "frivolous as duplicative" and constituted an abuse of Plaintiff's *in forma pauperis* status:

> Ms. Drevaleva is entitled to her day in court—she is not entitled to overwhelm the Secretary of Veterans [A]ffairs, and indeed impact other litigants' access to the limited resources of the courts, by filing a multitude of suits at public expense. The public will not be made to fund another front in Ms. Drevaleva apparently endless campaign

4

against the Secretary and Department of Veterans Affairs.

*Drevaleva v. United States*, No. 20-cv-00820, Dkt. No. 10 (N.D. Cal. Mar. 4, 2020). The Court dismissed the case with prejudice. *Id.* The Ninth Circuit dismissed Plaintiff's appeals as frivolous. *Drevaleva v. USA, et al*, No. 20-15596, Dkt. No. 20 (9th Cir. Nov. 16, 2020); *Drevaleva v. USA, et al*, No. 21-15694, Dkt. No. 7 (9th Cir. Aug. 13, 2021).

### F.    *Drevaleva v. Glazer, et al.*, No. 4:21-cv-00500-HSG

In Plaintiff's sixth case, she asserted claims arising out of the same dispute with the Department of Veterans Affairs, adding several defendants. After Judge Alsup's recusal, *Glazer* was reassigned to this Court, then to Judge Spero. After Plaintiff made numerous unauthorized filings, the Court stated that "any future unauthorized supplemental briefs filed by Drevaleva in any case pending before this Court will be stricken sua sponte." *Glazer*, No. 21-cv-00500, Dkt. No. 50. Plaintiff promptly made seven additional filings, including three motions. Judge Spero eventually recused himself from the case, and this Court stayed the case pending issuance of a screening order on an amended complaint. *Id.*, Dkt. No. 86. Plaintiff continued to file documents. This Court dismissed *Glazer* on March 14, 2022, reasoning that the claims were barred by res judicata and frivolous as an "improper attempt to rehash claims." *Glazer*, No. 21-cv-00500, 2022 WL 767192, at *6–8 (N.D. Cal. Mar. 14, 2022). After dismissal, Plaintiff filed six motions, which this Court denied, declaring that further filings would not be accepted. *Glazer*, No. 21-cv-00500, Dkt. No. 111. An appeal is pending in the Ninth Circuit. *Drevaleva v. Glazer*, No. 22-15731 (9th Cir.).

### G.    *Drevaleva v. Hayo*, No. 4:21-cv-00684-HSG

Plaintiff's allegations in *Hayo* overlap significantly with the allegations in *Glazer*. Like *Glazer*, *Hayo* returned to this Court after both Judge Alsup's and Judge Spero's recusals. Defendants moved to dismiss, *Hayo*, No. 21-cv-00684, Dkt. No. 46, and Plaintiff opposed, asking the Court to impose criminal penalties on opposing counsel, *id.*, Dkt. No. 47 at 2. Plaintiff filed an amended complaint and numerous unauthorized filings. This Court prohibited further filings and stayed the case pending the issuance of a screening order. *Id.*, Dkt. No. 60. This Court dismissed the case, finding Plaintiff's claims frivolous and precluded by prior cases. *Id.*, Dkt. No. 76.

### H.   *Drevaleva v. Alsup, et al.*, No. 3:21-cv-05348-CRB

Plaintiff sued Judge Alsup and the U.S. District Court for the Northern District of California based on allegations related to the handling of her cases. *See Alsup*, No. 21-cv-05348, Dkt. No. 1. Judge Breyer adopted in full Judge Beeler's recommendation that the case be dismissed as barred by judicial immunity. *Alsup*, No. 21-cv-05348, 2021 WL 3773628 (N.D. Cal. Aug. 24, 2021); *Alsup*, No. 21-cv-05348, 2021 WL 3777122 (N.D. Cal. Aug. 9, 2021). The Court denied Plaintiff's motion to vacate and revoked Plaintiff's *in forma pauperis* status on appeal. *Alsup*, No. 21-cv-05348, Dkt. Nos. 19, 24. The Ninth Circuit dismissed Plaintiff's appeal as frivolous. *See Drevaleva v. Alsup*, No. 21-17079, Dkt. No. 15 (9th Cir. June 14, 2022).

### I.   The present case

Plaintiff filed this case on February 11, 2022, also arising from her employment disputes with the VA. Her 143-page complaint, styled as a "Third Amended Complaint," alleges that the judgment of the New Mexico district court is "void," allowing her to refile her claims. *See* Dkt. No. 1 ¶ 123. Defendants filed the motion to declare Plaintiff a vexatious litigant on May 13, 2022. *See* Dkt. No. 22. Plaintiff has filed numerous motions since then that have no basis in the Local Rules or Federal Rules of Civil Procedure. *See, e.g.*, Dkt. Nos. 25–26, 47, 49, 52–57, 65, 75, 80, 83–85, 87, 93, 97–98. This case has been dismissed as barred by res judicata. Dkt. No. 100.

## II.   LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. However, such pre-filing orders are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). At the same time, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

The Ninth Circuit has adopted a four-factor test to determine whether a pre-filing review order is warranted. Specifically, a pre-filing review order may be appropriate if: (1) the plaintiff

was given adequate notice and an opportunity to oppose the order; (2) there is an adequate record for review; (3) the Court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order is narrowly tailored "to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1057.

## III. DISCUSSION

For the Court to declare Plaintiff a vexatious litigant, all four factors identified above must be met. And because Plaintiff is self-represented, the Court exercises caution in considering whether and how to fashion an appropriate prefiling order. *See De Long*, 912 F.2d at 1147. Nevertheless, the Court finds that all four factors are amply supported in this case.

### A. Notice and Opportunity to be Heard

Plaintiff was given adequate notice and an opportunity to be heard because Defendants filed the motion to declare Plaintiff a vexatious litigant and Plaintiff filed several oppositions to the motion. Dkt. Nos. 22, 38, 95, 98.

### B. Adequate Record for Review

The second requirement is that the Court compile an adequate record for review. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Molski*, 500 F.3d at 1059. The record here is composed of the cases described in Section I, as well as the hundreds of filings, motions, and appeals in them. Between Plaintiff's prior actions against Defendants and the current case, the Court finds the record more than adequate for review.[2] *Molski*, 500 F.3d at 1057.

### C. Substantive Findings as to Frivolous or Harassing Nature of Plaintiff's Litigation

"An injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). Instead, "[t]o decide whether the litigant's actions are frivolous or harassing, the district court must look at 'both the number and content of the filings as

---

[2] The Court also notes that Plaintiff has been declared a vexatious litigant in this district for her conduct in dozens of cases related to a different employment dispute, *see Drevaleva v. Alameda Health Sys.*, No. 22-CV-01585-EMC, 2022 WL 2644086 (N.D. Cal. July 7, 2022), as well as in the California First District of Appeal, *see Drevaleva v. Alameda Health Sys.*, No. A158862, 2020 Cal. App. Unpub. LEXIS 6321 (Cal. Ct. App. Sept. 28, 2020).

indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059.

The Court finds Plaintiff's conduct frivolous and harassing. *See, e.g.*, *Huggins v. Hynes*, 117 F. App'x 517, 518 (9th Cir. 2004) (affirming district court's pre-filing order in part because plaintiff "abused the courts by repeatedly relitigating the same controversy and repeatedly filing frivolous motions and pleadings").[3] Plaintiff seeks to relitigate the same issues via repetitive cases and relentless motions. She refuses to acknowledge previous rulings, let alone accept them as binding. The abusive nature of her litigation conduct has been well-documented and explicitly addressed by numerous courts. When the New Mexico district court initially dismissed Plaintiff's case as a sanction, it observed that Plaintiff "does exactly what she wants to do rather than what the Court requires. . . . [and] has no intention of changing course, regardless of any further warnings or lesser sanctions that are imposed." *Drevaleva v. U.S. Dep't of Veterans Affairs*, No. 21-cv-761 WJ-JFR, 2021 WL 5083989, at *7 (D.N.M. Nov. 2, 2021). Nothing has changed. Plaintiff's pattern of conduct has continued for the last four years, undeterred by warnings, orders, privilege revocations, or any other attempt to ensure compliance with the rules.

The number of cases and filings alone is telling.[4] Since 2018, Plaintiff has filed ten cases arising from the same employment disputes: eight cases in this district, one in the Court of Federal Claims, and one against a judge for his role in her cases. *See* Section I. The dockets of Plaintiff's cases are littered with hundreds of unauthorized filings and motions. Many of these were filed after the cases were closed or in blatant disregard of a court order, sometimes leading to the revocation of Plaintiff's filing privileges. *See, e.g.*, *Drevaleva v. Dep't of Veterans Affairs*, No. 19-cv-05927, Dkt. No. 69; *Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081, at *6 n.4 (10th Cir. July 11, 2022). And Plaintiff has filed dozens of appeals.

As described above, many of the listed orders expressly found Plaintiff's cases and appeals frivolous, often revoking her *in forma pauperis* status. *See, e.g.*, *Drevaleva v. United States*, No. 20-cv-00820, Dkt. No. 10 (N.D. Cal. Mar. 4, 2020) (dismissing Plaintiffs claims as frivolous and

---

[3] As an unpublished Ninth Circuit decision, *Huggins* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.
[4] Defendants note that Plaintiff has made nearly 600 filings and pursued at least twenty-five appeals. *See* Dkt. No. 22 at 21.

8

noting "[i]t is now clear that Ms. Drevaleva is abusing her IFP status"); *Drevaleva v. USA, et al*, No. 20-15596, Dkt. No. 20 (9th Cir. Nov. 16, 2020) (dismissing appeal as frivolous). All of Plaintiff's cases have been litigated to dismissal or issuance of a circuit court mandate, ensuring that judges in this district and the Ninth Circuit have thoroughly considered the underlying issues and associated claims.

Regarding the content of Plaintiff's filings, they are largely duplicative, frequently have no basis, and are harassing to the extent they threaten attorneys and judges with lawsuits. *See, e.g.*, *Drevaleva v. Dep't of Veterans Affairs*, No. 21-CV-761 WJ-JFR, 2021 WL 4168600, at *9 (D.N.M. Sept. 14, 2021) (admonishing Plaintiff for accusing AUSA of genocide). Her pattern of improper and meritless filings has already been described by this and other courts. *See, e.g.*, *Drevaleva v. Dep't of Veterans Affairs*, No. 19-cv-05927, Dkt. No. 69 (N.D. Cal. Mar. 30, 2021) (revoking e-filing privileges); *Drevaleva v. United States*, No. 20-cv-00820, Dkt. No. 10 (N.D. Cal. Mar. 4, 2020) (denying motion for leave to proceed *in forma pauperis* and dismissing complaint as frivolous). Plaintiff files unauthorized supplemental briefs to skirt page limitations and floods the docket with a multitude of administrative motions. When she receives adverse decisions, Plaintiff files improper motions to reconsider or vacate, appeals the denials of her motions, threatens the presiding judge or seeks recusal, and files a new case. None of Plaintiff's substantive motions have been granted, to this Court's knowledge. Plaintiff's repetitive and abusive litigation has imposed an unnecessary burden on the courts and wasted Defendants' time and resources.

Plaintiff has lived up to the Tenth Circuit's prediction that her abusive behavior would continue if she were allowed to pursue her case. *See Drevaleva v. United States Dep't of Veterans Affairs*, No. 21-2139, 2022 WL 2662081, at *6 n.4 (10th Cir. July 11, 2022). Plaintiff has demonstrated an intent to continue litigating against Defendants without acknowledging any of the myriad rulings against her, including those by the Ninth and Tenth Circuits. Absent a pre-filing order, there is every indication that Plaintiff will continue to engage in frivolous and harassing conduct.

### D. The Proposed Order is Narrowly Tailored

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the court approved the scope of an order because it prevented the plaintiff from filing "only the type of claims Molski had been filing vexatiously," and "because it [would] not deny Molski access to courts on any . . . claim that is not frivolous." *Id.*

Here, Defendants' proposal would require Plaintiff to obtain a pre-filing order before filing any complaint identifying as a defendant any federal entity or any individual current or former federal employee, including individual current or former federal employees sued in their official or individual capacities. The Court is aware that this is a relatively broad request. However, in view of Plaintiff's serial filing of cases successively adding or attempting to add new government entities and employees as defendants, including judges and defense counsel—all stemming from the same employment dispute—the Court believes the requested order is necessary. The Court will limit the pre-filing order to cover only the employment disputes that gave rise to these cases. Thus, the order is tailored to the "group of defendants" Plaintiff has targeted and the types of claims she has been filing vexatiously. *See Molski*, 500 F.3d at 1061.

### IV. CONCLUSION

The Court **GRANTS** Defendants' motion, Dkt. No. 22, and **DECLARES** Plaintiff a vexatious litigant. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiff Tatyana Drevaleva that name as defendants any federal entity and/or any current or former federal employee, whether in their individual or official capacities, where the allegations concern Plaintiff's prior employment or subsequent employment disputes with the VA and/or the rulings in and handling of all cases arising from those disputes. If Plaintiff wishes to file a complaint that meets the above description, she shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Plaintiff is warned that any violation of this order will expose her to contempt proceedings and appropriate sanctions, and any

action filed in violation of this Order will be subject to dismissal.

This order terminates as moot the pending motion to declare Plaintiff a vexatious litigant in *Drevaleva v. Glazer*, No. 4:21-cv-00500-HSG, Dkt. No. 110.  The Clerk is directed to file a copy of this order in *Drevaleva v. Glazer*, No. 4:21-cv-00500-HSG.

**IT IS SO ORDERED.**

Dated:   10/26/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge